# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COOKEVILLE DIVISION

| | |
|---|---|
| DANE LEE DUCKETT, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:15-cv-00012 |
| | ) Chief Judge Sharp |
| U.S.D.A. RURAL HOUSING DEVELOPMENT, | ) |
| Defendant. | ) |

## M E M O R A N D U M

The plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate at the Cumberland County Justice Center in Crossville, Tennessee.[1] The plaintiff brings this action against the "U.S.D.A. Rural Housing Development," seeking the return of his late mother's house or the monetary equivalent. (Docket No. 1).

The plaintiff's complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e. Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

---

[1] No inmate number is provided on any of the documents submitted to the court.

Notwithstanding the PLRA screening requirement, courts "have an independent obligation to determine subject matter jurisdiction." *Lane v. City of LaFollette, Tenn.*, 490 F.3d 410, 423 n.5 (6th Cir. 2007). The instant complaint does not provide the basis for jurisdiction in this court. Thus, even before screening the plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the court must ensure that it has jurisdiction to hear the plaintiff's claim(s).

The plaintiff has sued only "U.S.D.A. Rural Housing Development." The U.S.D.A. Rural Housing Service is an agency of the United States Department of Agriculture. If the plaintiff intends to pursue a claim under the Federal Tort Claims Act (FTCA), however, the proper defendant in this case is not the "U.S.D.A. Rural Housing Development." The FTCA waives the sovereign immunity of the United States in certain tort cases and provides for original jurisdiction in the district courts only for claims brought against the United States under the FTCA. As such, the United States is the only proper defendant in a FTCA action. 28 U.S.C. §§ 1346(b), 2401(b), 2679(a).

The FTCA provides a limited waiver of the United States' sovereign immunity and allows tort claims against the United States "in the same manner and to the same extent as a private individual under like circumstances . . . ." 28 U.S.C. § 2674 (1994). In other words, "[t]he Act waives sovereign immunity to the extent that state-law would impose liability on a 'private individual in similar circumstances.'" *Young v. United States*, 71 F.3d 1238, 1241 (6th Cir. 1995)(citation omitted).

The FTCA first requires claims to be submitted to the appropriate agency to give the government the opportunity to settle the claim before the plaintiff may bring suit. *See Ellison v. United States*, 531 F.3d 359, 361 (6th Cir. 2008). "The requirement in 28 U.S.C. § 2675(a) that an administrative claim be filed as a prerequisite to filing a civil action under the Federal Tort Claims Act and the two year statute of limitations prescribed by 28 U.S.C. § 2401(b) are . . . jurisdictional

requirements, not capable of waiver or subject to estoppel." *Garrett v. United States*, 640 F.2d 24, 26 (6th Cir. 1980)(per curiam); *Mills v. United States*, 1997 WL 664746, at *1 (6th Cir. Oct. 27, 1997)("The filing of an administrative claim is a jurisdictional prerequisite to the filing of a complaint under the FTCA."). To have jurisdiction over a FTCA claim, therefore, the court must ensure that Duckett presented his claim to the appropriate Federal agency within two years after such claim arose and that he complied with both the statute of limitations and the time limit to file suit after the administrative denial.

Since this issue is jurisdictional and the current record does not provide the court with sufficient information to resolve the issue, the court will direct the defendant to respond to the plaintiff's complaint.[2] The plaintiff may file additional information if desired. This action will be permitted to proceed at this time for the limited purpose of determining whether the court has jurisdiction.

An appropriate order will be entered.

Kevin H. Sharp
Chief United States District Judge

---

[2] The court further notes that, in his complaint, the plaintiff cites to what appear to be two Tennessee state statutes concerning property law. (Docket No. 1 at p. 2). It may be that the plaintiff intends to pursue causes of action that are appropriate for review in Tennessee state court.